**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **MICHAEL F. McNALLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO: 3:12-cv-63** |
| | ) |
| **AZTAR INDIANA GAMING COMPANY, LLC** | ) |
| **d/b/a CASINO AZTAR,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Michael F. McNally ("McNally"), brings this action against Defendant, Aztar Indiana Gaming Company, LLC, d/b/a Casino Aztar, ("Aztar") for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA").

## PARTIES

2.      At all times relevant herein, McNally performed work within the Southern District of Indiana.

3.      At all times relevant herein, Aztar is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 42 U.S.C. § 12117.

5.      Aztar is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.      McNally is an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      McNally satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the EEOC.   McNally received his "Dismissal and

Notice of Rights" and now timely files his lawsuit.

8.      Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9.      On or about October 15, 1995, McNally was hired by Casino Aztar as a Bridge Mate.  Casino Aztar underwent several changes in ownership culminating in Aztar.

10.     At all times relevant hereto, McNally met or exceeded Aztar's legitimate expectations of employment.   Indeed, upon information and belief, McNally never received any discipline by Aztar.

11.     McNally was regularly promoted by Aztar through its ranks to become Aztar's Director of Facilities/Marine Services.  McNally held this position until his date of termination.

12.     Mr. Ward Shaw ("Shaw") was Aztar's General Manager and McNally's supervisor at that time of McNally's termination.

13.     McNally is a qualified individual with a disability and/or has been regarded by Aztar as disabled.

14.     On or about February 22, 2011, McNally's house and all of his personal belongings therein were destroyed in a house fire.  Shaw was aware of the fire and McNally's loss.

15.     On or about May 2011, McNally became embroiled in a lengthy custody fight concerning one of his children and her personal safety.  Shaw was aware of the custody fight.

16.     On or about May 2011, Aztar's Human Resource Manager, Sara Lipking ("Lipking"), summoned McNally to her office.  Upon McNally's arrival, he was told to "take a seat" and the door was closed.  Lipking told McNally that she knew that he had "a lot going on,"

with his custody fight and his home being destroyed, and asked "how was he doing." McNally went into detail of the emotional issues he was facing and subsequently broke down and started crying. Lipking witnessed the crying.

17.    On or about July 11, 2011, McNally took the afternoon off to participate in a local event at the request of Shaw who could not attend.

18.    On or about July 12 and 13, 2011, McNally took the afternoons off to attend to personal matters pertaining to his house file. Shaw was aware and approved McNally's time off.

19.    McNally had sufficient accrued leave/vacation time to take the time off at the time he took the afternoons off.

20.    On or about July 28, 2011, McNally treated some of his team members to drinks for a birthday celebration for one of his team members at one of the restaurants located within Aztar. McNally used his "comp number" to "comp" the drinks. McNally paid the gratuity out of his own pocket. As a Director, McNally was supplied with a comp number and had comp privileges.

21.    Prior to July 28, 2011, Aztar had previously approved McNally's use of his comp number and comped similar activities.

22.    Prior to July 28, 2011, Aztar has previously approved the use of comp numbers and comped similar activities of similarly situated directors.

23.    Approximately one week later, on or about August 4, 2011, McNally was terminated for the stated reason of: 1) improper use of break time and leave time, 2) improper use of "comps;" and, 3) the failure to cooperate in the investigation of the alleged improper use of break and leave time and the improper use of comps. McNally denied Aztar's stated reasons for

termination.

24.     When McNally questioned Aztar about the termination, Shaw told him: I suggest you get some psychological counseling "to deal with" what was going on in your [his] life.

25.     Aztar follows a practice of progressive discipline.  McNally received no progressive discipline prior to being termination.

26.     Any reason proffered by Aztar  for the adverse action it took against McNally is pretextual.

27.     Aztar has discriminated against McNally and terminated his employment because of his disability or because it regarded or perceived McNally as disabled.

28.     Aztar has accorded more favorable treatment to similarly-situated employees.

29.     McNally has suffered injury as a result of Defendants' unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION

30.     McNally hereby incorporates paragraphs 1-29 of his Complaint as though fully restated herein.

31.     Aztar has taken adverse employment actions against McNally based on his disability and/or the perception of him being disabled.

32.     Aztar's unlawful actions were intentional, willful, and done in reckless disregard of McNally's ADA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael J. McNally, by counsel, respectfully requests that this Court find for him and order that:

1.      Aztar reinstate McNally to the same position, pay, and seniority, or pay front pay

and benefits to him in lieu of reinstatement;

2.      Aztar pay lost wages and benefits to McNally;

3.      Aztar pay liquidated damages to McNally;

4.      Aztar pay compensatory and punitive damages to McNally;

5.      Aztar pay pre- and post-judgment interest to McNally;

6.      Aztar pay McNally's attorneys' fees and costs incurred in litigating this action;

and

7.      Aztar pay to McNally any and all other legal and/or equitable damages that this

Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*

_____

John H. Haskin, Atty. No. 7576-49

*s/ Richard W. McMinn*

_____

Richard W. McMinn, Atty. No. 13715-49

Attorneys for Plaintiff
Michael J. McNally

John H. Haskin & Associates, LLC
255 North Alabama Street
Second Floor
Indianapolis, Indiana  46204
Telephone:      (317)955-9500
Facsimile:      (317)955-2570
Email:          jhaskin@hlllaw.com
                rmcminn@hlllaw.com

–5–

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Michael J. McNally, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*

John H. Haskin, Atty. No. 7576-49

John H. Haskin & Associates, LLC
255 North Alabama Street
Second Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570